UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

YINPIAO ZHOU,

Petitioner,

v.

DONALD J. TRUMP, President of the United States, et al.,

Respondents.

Case No.:  25-CV-3503 JLS (DEB)

**ORDER:**

**(1) DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS,**

**(2) DENYING AS MOOT MOTION TO AMEND HABEAS PETITION, AND**

**(3) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**

**(4) GRANTING MOTION FOR LEAVE TO FILE UNTIMELY TRAVERSE**

(ECF Nos. 10, 11, 12, 15)

Presently before the Court is Petitioner Yinpiao Zhou's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 11) and Respondents Donald J. Trump's (President of the United States), Pamela Bondi's (Attorney General of

1

25-CV-3503 JLS (DEB)

the United States), Kristi Noem's (Secretary of U.S. Department of Homeland Security), Sirce Owen's (Acting Director of Executive Office for Immigration Review), Todd Lyons's (Acting Director of U.S. Immigration and Customs Enforcement), and Jeremy Casey's (Warden of Imperial Regional Detention Facility) (collectively, "Respondents") Return to Habeas Petition ("Ret.," ECF no. 14). Petitioner's Motion to Amend Habeas Petition (ECF No. 10), Motion for a Temporary Restraining Order (ECF No. 12), and Traverse ("Traverse," ECF No. 15)[1] are also before the Court.

## BACKGROUND

Petitioner, a citizen of China and a lawful permanent resident of the United States, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Imperial Regional Detention Facility since April 2, 2025. Pet. ¶ 22. On February 12, 2024, Petitioner was admitted to the United States as a conditional permanent resident under the EB-5 Immigrant Investor Program, and resided in Honolulu, Hawaii. *Id.* ¶ 18. On December 9, 2024, Petitioner was arrested for flying a modified drone over Vandenberg Space Force Base during the launch of a "sensitive payload for the intelligence community." Ret. at 2.

On March 31, 2025, Petitioner was convicted in the United States District Court for the Central District of California on one count of 49 U.S.C. §§ 46307, 40103 for a Violation of National Defense Airspace, and he was sentenced to a term of time served with one year of supervised release. Pet. ¶ 21. On April 2, 2025, Petitioner was taken into immigration custody immediately after his release from jail. *Id.* ¶ 22. Petitioner was then issued a Notice to Appear and placed in removal proceedings under 8 U.S.C. § 1229(a) and charged with deportability under 8 U.S.C. §§ 1227(a)(4)(A)(i) and 1227(a)(2)(A)(i). *Id.*

---

[1] The Court notes that Petitioner filed his Traverse after the deadline set by the Court. *See* ECF Nos. 13, 15. However, given Petitioner's pro se status, the Court in its discretion **GRANTS** Petitioner's Motion for Leave to File Untimely Traverse (ECF No. 15) and considers the Traverse.

25-CV-3503 JLS (DEB)

On August 13, 2025, an Immigration Judge granted Petitioner's Motion to Terminate Removal Proceedings, and Respondents appealed this decision to the BIA on September 10, 2025. *Id.* ¶¶ 24–25. Respondents' appeal is still pending. Ret. at 3. On October 9, 2025, the Immigration Judge conducted a bond hearing pursuant to 8 U.S.C. 1226(a), and denied Petitioner's request for release, reasoning that he posed a flight risk. Ret., Ex. 3. Petitioner appealed this decision to the BIA but withdrew his appeal on November 10, 2025. *Id.*, Exs. 6–7. Petitioner alleges that his continued detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. Pet. ¶¶ 30–45.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by*, *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

### I.   Jurisdiction

8 U.S.C. § 1226(e) provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (stating that "the [Immigration Judge's] discretionary bond determination [is] not reviewable in federal court."). In a bond hearing, the alien bears the

25-CV-3503 JLS (DEB)

burden of "[demonstrating], by clear and convincing evidence, that release would not pose a danger to other persons or to property."  8 C.F.R. § 1003.19(h)(3).  "If an alien meets this burden, the alien must further demonstrate, by clear and convincing evidence, that the alien is likely to appear for any scheduled proceeding or interview."  *Id.*; *see Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) ("The burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond.").  Due Process requires that the applicable burden of proof be established at the beginning of the bond hearing.  *Dela Cruz v. Napolitano*, 764 F. Supp. 2d 1197, 1201 (S.D. Cal. 2011).

When an alien seeks a change in custody status, the Immigration Judge considers many factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of other offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Matter of Guerra*, 24 I&N Dec. at 40 (first citing *Matter of Saelee*, 22 I&N Dec. 1258 (BIA 2000); then citing *Matter of Drysdale*, 20 I&N Dec. 815, 817 (BIA 1994); and then citing *Matter of Andrade*, 19 I&N Dec. 488 (BIA 1987)).  The Immigration Judge has "broad discretion" in weighing these factors, "as long as the decision is reasonable."  *Id.*

Federal courts only have jurisdiction over bond hearings when the appeal involves "constitutional claims or questions of law."  *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011).  When assessing the constitutionality of immigration bond proceedings, this Court considers: (1) the private interest at stake, (2) the risk of erroneous deprivation under existing procedures, and (3) the government's interests and burdens.  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, the Immigration Judge applied the *Guerra* factors and denied Petitioner's bond on the basis that Petitioner posed a flight risk. Ret., Ex. 3. The Immigration Judge explained that although Petitioner has lawful status and claims to be employed, he does not have a fixed address, his proposed sponsor lives in a different part of the country, and he has spent "a considerable time not working and [has been] flying a drone over various facilities." *Id.* Additionally, Petitioner has violated detention center rules, which "casts doubt" on his willingness to follow Court and immigration orders. *Id.*, Ex. 5 at 2–3. These facts suggested that Petitioner posed a flight risk. *Id.* at 3.

Petitioner asserts that the *Guerra* factors were "unconstitutional as applied to [him]." Pet. ¶ 30. Petitioner argues that the *Guerra* factors contain a "blanket presumption of flight risk" that he was not given the opportunity to refute, and he contends that "[a] lawful permanent resident alien who has prevailed on the merits of the underlying removal proceedings should not be presumed to be a flight risk." *Id.* ¶¶ 30–31. Specifically, Petitioner argues the *Guerra* factors do not consider his status as an EB-5 immigrant investor, or that he was released from jail on supervised release. *Id.* ¶ 32.

However, *Guerra* provides that the Immigration Judge may consider facts and circumstances besides the nine enumerated factors. *Matter of Guerra*, 24 I&N Dec. at 40. Additionally, the Immigration Judge stated that "[i]n making its determination, the Court considered all the information, evidence, and arguments presented by the parties." Ret., Ex. 5 at 3. Again, the Immigration Judge has "broad discretion" in applying the *Guerra* factors, and there is no evidence that as applied, the *Guerra* factors deprived Petitioner of due process. *See Matter of Guerra*, 24 I&N Dec. at 40. Therefore, this Court does not have jurisdiction to review the Immigration Judge's bond determination. *See Rodriguez Diaz*, 53 F. 4th at 1209.

Petitioner also argues that the Immigration Judge "unconstitutionally [placed] the burden of persuasion on [him] to justify his release . . . ." Pet. ¶ 33. However, 8 C.F.R. § 1003.19(h)(3) places the burden on the petitioner to establish by "clear and convincing evidence" that they are likely to attend all future proceedings. Further, within this Circuit

25-CV-3503 JLS (DEB)

and District, courts have held that an alien detained under 8 U.S.C. § 1226(a) bears the burden of proof in a bond hearing. *See Rodriguez Diaz*, 53 F. 4th at 1202 (reasoning it was fair for aliens detained under 8 U.S.C. § 1226(a) to bear the burden of proof in a bond hearing due to the many other procedural safeguards in place); *Al-Sadeai v. U.S. Immigr. and Customs Enf't*, No. 21-CV-00296-GPC-MDD, 2025 WL 905522, at \*7 (S.D. Cal. Mar. 25, 2025) (stating the government was "substantially justified" in placing the burden of proof on the plaintiff in a 8 U.S.C. § 1226(a) bond hearing). The present Bond Memorandum articulates Petitioner's burden of proof, and Petitioner does not allege that he was unaware of this burden at the outset of the hearing. Ret., Ex. 5 at 2. Therefore, Petitioner carrying the burden of proof at his bond hearing did not constitute a due process violation. *See Dela Cruz*, 764 F. Supp. 2d at 1201.

Applying the *Mathews* balancing test, it is clear Petitioner was not deprived of due process. *See Mathews*, 424 U.S. at 334–35. There is no evidence Petitioner's bond hearing was conducted in a matter that "[risked] the erroneous deprivation" of Petitioner's interest in being released from custody. *See id.* at 335. As outlined above, the Immigration Judge applied the *Guerra* factors, and there is nothing to suggest the Immigration Judge made an unreasonable decision. *See Matter of Guerra*, 24 I&N Dec. at 40. It was also proper for Petitioner to carry the burden of proof pursuant to 8 C.F.R. § 1003.19(h)(3). *Id.* Additionally, the government had a compelling interest in denying the release of an individual believed to pose a flight risk. Petitioner fails to provide evidence of any procedural errors that could have infringed on his right to due process. Therefore, this Court does not have jurisdiction to review the Immigration Judge's bond decision.

Finally, Petitioner contends that the Immigration Judge's decision was "arbitrary and capricious," in violation of the Administrative Procedure Act. Pet. ¶ 42. Petitioner alleges that there is an "unexplained inconsistency" between the Immigration Judge's denial of bond and the granting of his Motion to Terminate Removal Proceedings on August 13, 2025. *Id.* ¶ 43. Respondents' appeal of the removal decision is still pending, so contrary to Petitioner's claim, a final removal decision has not been reached. Ret. at 3. Regardless,

25-CV-3503 JLS (DEB)

Petitioner's argument is meritless, as 8 U.S.C. § 1003.19(d) provides that a bond hearing "shall be separate and apart from, and shall form no part of, any deportation removal hearing or proceeding." Therefore, the status of Petitioner's removal proceedings cannot be used to question the legitimacy of the Immigration Judge's bond decision. There is no evidence that the Immigration Judge's denial of bond violated the Administrative Procedure Act.

## II.    Exhaustion

"Exhaustion can be either statutorily or judicially required." *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004). While 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Prudential exhaustion may be required if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2017) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted [their] remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Because this Court does not possess jurisdiction to review the Immigration Judge's decision, it need not address the issue of administrative exhaustion. Nonetheless, by filing this Petition before filing an appeal to the BIA and receiving its decision, Petitioner failed to exhaust his administrative remedies. *See id.*

/ / /

25-CV-3503 JLS (DEB)

## CONCLUSION

In light of the foregoing, the Court **DENIES** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 11), **DENIES AS MOOT** Petitioner's Motion to Amend Habeas Petition (ECF No. 10), **DENIES AS MOOT** Petitioner's Motion for a Temporary Restraining Order (ECF No. 12), and **GRANTS** Petitioner's Motion for Leave to File Untimely Traverse (ECF No. 15). As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: April 7, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-3503 JLS (DEB)